# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| RIEDER NORAM INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| FORGE PANELS LLC, | ) | |
| a Florida limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES RIEDER NORAM INC., by and through its attorneys, REINHOLD F. KRAMMER and MASUDA, FUNAI, EIFERT, & MITCHELL, LTD., and for its Complaint against FORGE PANELS LLC, states as follows:

## THE PARTIES

1.      Plaintiff RIEDER NORAM INC. (d/b/a RIEDER NORTH AMERICA and RNA) ("RNA") is a corporation incorporated under the laws of the State of Delaware, having its former principal place of business in Rusk County, Wisconsin, with its current principal place of business in Roselle, Illinois.  RNA is a citizen of the States of Delaware and Illinois.

2.      Defendant FORGE PANELS LLC ("FORGE") is a limited liability company established under the laws of the State of Florida, having its principal place of business in Norcross, Georgia.  FORGE has one member, Eric Danley, who is a resident and citizen of the State of Georgia.  FORGE is a citizen of the State of Georgia.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and is between citizens of different States.  Venue is proper pursuant to 28 U.S.C. §1391.  Additionally, the Façade Contract (as defined hereinafter) that is the subject of this suit contains a forum selection clause designating this judicial district as the exclusive jurisdiction and venue of any action brought by a party.  Paragraph 11.1 of the Façade Contract provides as follows,

> *The Parties hereby consent to the exclusive personal and subject matter jurisdiction of the Federal or state courts in Rusk County, Wisconsin, in any action or claim arising out of, under or in connection with this Agreement or the relationship between the Parties hereto. The parties waive all defenses of lack of personal jurisdiction and forum non conveniens with respect to these jurisdictions.*

## COUNT I – BREACH OF CONTRACT CLAIM

4.      RNA realleges and reincorporates as if fully set forth herein the allegations of Paragraphs 1 through 3, inclusive.

5.      On or about October 2, 2024, FORGE and RNA entered into a contract whereby FORGE agreed to purchase and obtain from RNA, and RNA agreed to develop, engineer, prepare, manufacture and supply to FORGE, for a construction project in Florida known as the Moffit Pasco project (the "Moffit Project"), facade related products for the exterior of a building (the "Façade Contract").  FORGE was retained by the general contractor on the project to install the building's façade and agreed to order aspects of the façade from RNA via the Façade Contract. A copy of the Façade Contract is attached hereto and incorporated herein as Exhibit "A." Among other things, FORGE ordered from RNA pursuant to the Façade Contract 25,184 "L" "formparts" for $1,561,408.00; 3,102 vanilla concrete skins for $81,272.40; shop drawings and engineering

services for $77,142.00; crating and logistics services for $64,285.00, and delivery of the products for $42,000.00 (the "Products and Services"). See Exhibit "A", p. 1.

6.      After entering into the Façade Contract, RNA and FORGE began to perform thereunder. Among other things, RNA performed the following services pursuant to the Façade Contract, and FORGE paid the following amounts:

a. *Prepared  Shop and Engineering Drawings*: After execution of the Façade Contract, RNA's team diligently worked on the design of shop and engineering drawings ordered under the Façade Contract, ensuring that progress was steady and uninterrupted. This work was finalized and was ready for submission to and approval by FORGE. Forge paid to RNA $77,142.00 for the Shop and Engineering Drawings.  The details developed through this design process were incorporated into façade mockups that RNA subsequently fabricated for FORGE (see below).

b. *Mockups and Finishing*: Based on final project information provided by FORGE pursuant to the Façade Contract, RNA prepared two aggregate façade mockups featuring the specified color and texture of the facades. These mockups were made available for delivery to any location as required by FORGE. Upon approval of the mockups, RNA was ready to proceed with production of the façade panels after the additional required deposits were made as required by the Façade Contract. FORGE without explanation and in breach of the Façade Contract, never requested delivery of the mockups, never approved them, and never paid the additional deposits to RNA.

c. *Expert Support*: Pursuant to the Façade Contract, RNA assembled a team of internal and external experts who would have supported the FORGE team in all technical, design, project management and required onsite support aspects to ensure the successful and timely delivery of the Products and Services.

d. *Project Specific Equipment*.  RNA developed for the Moffit Project the aggregate's requirements, project specific manufacturing equipment to be able to produce the mockup, and the ordered production run project panels.

e. *Reservation of Production Slots and Technical Support*.  Project specific requirements from blocked production slots to technical support including product requirements had been reserved by RNA.

f. *Approval Related Activities*. Under the Façade Contract, it was FORGE's obligation to obtain State of Florida approval of the Products and Services. Nonetheless, RNA worked with FORGE to obtain timely approvals by the State.

7. Despite all of these efforts, in an apparent deceitful and fraudulent scheme, FORGE appears to have brought in a third party(ies) to supply alternative façade related products and services to RNA's Products and Services.  Unfortunately, FORGE has not worked further with RNA to move the Moffit Project forward with RNA despite RNA's follow-ups and has apparently decided not to perform in violation thereof any further under the Façade Contract and without

notice to RNA of termination.  It has been many months since RNA has heard from FORGE and has not responded to demands to cure defaults made by RNA and its counsel.

8.      As a result of FORGE having failed to move forward with RNA and pay for the remaining Products and Services and being in default under the Façade Contract, RNA and its attorneys issued demands upon FORGE to cure the defaults.  FORGE has failed to comply, let alone even respond to the demands and therefore continues to be in default of the Façade Contract.

9.      Paragraph 8.3 of the applicable RNA General Terms and Conditions of Sale to the Façade Contract allows RNA to recover from FORGE interest on any unpaid amounts.

10.      Paragraph 11.2 of the RNA General Terms and Conditions to the Façade Contract provides that all claims, disputes, and controversies arising out of or in relation to the performance, interpretation, application, or enforcement of the Façade Contract, including but not limited to breach thereof, that the parties are unable to resolve themselves, shall be referred to mediation before, and as a condition precedent to, the initiation of any adjudicative action or proceeding, with all mediation fees, if any, being divided equally among the parties.  Despite good faith efforts by RNA to resolve the claims with FORGE, RNA has been unable to resolve the claims and disputes set forth herein with FORGE and as a result, requested in writing that FORGE participate in mediation in accordance with the Façade Contract.  FORGE has not responded to RNA's good faith efforts to pursue a mediation with FORGE and therefore FORGE is also in breach of the Façade Agreement for failing to agree to and participate in mediation.

11.      As a result of the defaults by FORGE of the Façade Contract, there is due and owing as of May 5, 2026 from FORGE to RNA the sum of $2,148,965.40 inclusive of principal and accrued interest, but exclusive of other interest and attorneys' fees and costs as permitted by applicable law.

5

12.     RNA has performed all of its obligations under the Façade Contract.

**WHEREFORE**, RIEDER NORAM INC. prays for judgment as follows:

A.     For judgment against Defendant, FORGE PANELS LLC, as of May 6, 2026, in an amount in excess of $2,148,965.40, plus other interest, administrative costs, attorneys' fees and additional costs as provided by applicable law; and

B.     For such other and further relief that this Court may deem equitable and just.

## COUNT II – UNJUST ENRICHMENT

13.     RNA realleges and reincorporates as if fully set forth herein the allegations of Paragraphs 1 through 12, inclusive.

14.     FORGE received Shop and Engineering Drawings, and RNA designed and produced mockups, engaged expert support, procured project specific equipment, and reserved production slots and technical support.

15.     When RNA performed the foregoing, it reasonably expected to be paid for said services and products in return.

16.     FORGE has been unjustly enriched at the expense, detriment, and impoverishment of RNA because it retained or applied to the Moffit Project the performed services without paying for same.

17.     It is against equity and good conscience to permit FORGE to retain the benefits of RNA's work without adequately compensating RNA without anything in return.

18.     There exists no justification for FORGE to obtain the benefits of RNA's performance, without paying for same.

WHEREFORE, Plaintiff RIEDER NORAM INC. respectfully requests that the Court enter judgment against Defendant FORGE PANELS, LLC and award Plaintiff RIEDER NORAM INC.:

(a) actual damages in the amount of at least $265,000.00;

(b) lost profits and other consequential, incidental, and special damages;

(c) reasonable attorney's fees and other costs incurred in this matter;

(d) prejudgment and other applicable interest; and,

(e) any other and further relief the Court deems equitable and just.

Dated:  June 5, 2026                                   **REIDER NORAM INC.**

By:    /s/ Reinhold F. Krammer
                    One of its Attorneys

Reinhold F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff Rieder Noram Inc.
203 North LaSalle Street, Suite 1700
Chicago, Illinois 60601-1262
Tel.: (312) 245-7500
Fax: (312) 245-7467